## CHARLES H. NICHOLS vs. LOUIS A. FISK.

Third Judicial District, New Haven, January Term, 1919.
PRENTICE, C. J., RORABACK, WHEELER, BEACH and CURTIS, Js.

It is for the jury to determine the true significance of oral testimony, and their construction or interpretation, if within the bounds of reason, is final and conclusive.

Argued January 23d—decided February 19th, 1919.

ACTION to recover for services as a civil engineer, and for damages for an alleged breach of the defendant's promise to pay the plaintiff $10,000 for his assistance in raising money and indorsing notes for the benefit of a trap rock company, practically all of whose stock was owned by the defendant, brought to the Superior Court in New Haven County and tried to the jury before *Gager, J.;* verdict and judgment for the plaintiff for $16,138, and appeal by the defendant. *No error.*

The jury found that the defendant was indebted on the first count for services rendered by the plaintiff as civil engineer, and on the second count under an agreement to pay the plaintiff, for indorsing notes of the Totoket Trap Rock Company, $10,000, out of the proceeds of the sale of the property of the Tide Water Trap Rock Company, if and when sold.

The reasons of appeal relate solely to the cause of action stated in the second count, and they are all based on the claim that there is no evidence sufficient to warrant the trial judge in submitting the issues raised by the second count to the jury, and no evidence sufficient to warrant the verdict of the jury on that count. More particularly, the claim is that the only evidence tending to prove any agreement to pay the plaintiff anything for his indorsements relates to an alleged agreement for the payment of $10,000 out of any profits which might be realized from the sale of bonds, or the sale of the properties themselves; and that as there was no attempt to prove that any such profits were realized, no foundation was laid for any recovery on the second count.

The reasons of appeal assign as error the refusal of the court to charge, as requested, that because of the absence of any evidence of profits the verdict of the jury must be for the defendant on the second count;

Nichols *v.* Fisk.

the refusal of the court to set aside the verdict on the second count and grant a new trial; and those portions of the charge in which the court instructed the jury that on the evidence before them they might draw their own conclusion as to whether the agreement was for "a payment out of profits or a payment out of proceeds of sale. If out of profits, there can be no recovery because no profits have been shown. If out of the proceeds of the sale, then that objection does not lie in the way."

*William F. Henney* and *Harrison Hewitt*, with whom was *Terrence F. Carmody*, for the appellant (defendant ).*

*Edmund Zacher*, for the appellee (plaintiff).

Beach, J. The trial judge, in one of the several parts of the charge excepted to, summed up the plaintiff's testimony as to the terms upon which he was to receive $10,000 for his indorsements, as follows: "The first time that Mr. Nichols went over it he spoke of it as being paid out of the profits of the scheme, and the second time, upon cross-examination when pressed more fully by counsel for the defense, he said why, no, it was not the profits of the scheme, it was the sale of the properties."

So far as we can see the only substantial question on this appeal is whether the plaintiff's cross-examination is fairly susceptible of the interpretation which the trial court thus put upon it, and which the jury evidently accepted as its true significance. If so, it affords a sufficient basis for the charge and the verdict.

That part of the cross-examination which the trial

* The court, although requested, declined to hear more than two counsel for the appellant.

court referred to, is as follows: "Q. Wasn't that the first statement he made? A. I beg pardon. Q. If the bonds were sold, or when they were sold, he would give you $10,000? A. Not bonds alone; when the properties were disposed of; I think the properties were included in it, the whole thing. Q. Didn't he say in the first statement he made to you that if the bonds were sold, or when they were sold, he would give you this $10,000? A. As I recollect it, it was when the bonds were sold and the whole property was disposed of, then the payment would be made. Q. You said in your direct testimony, did you not, that when the bonds were sold you would—— A. I might have said bonds. I might have been a little careless about it."

Defendant's claim is that this cross-examination relates to the time when the money was to be paid, and not to the fund out of which it was to be paid.

Assuming that the testimony is on its face capable of the construction which the defendant puts on it, the issue as to the proper significance of oral testimony is primarily one of fact for the jury. They have put their own construction on it, and the only question now open is whether they exceeded the bounds of reason and fairness in doing so. If it were necessary to support their construction by analysis, it would be enough to point out that the cross-examiner himself framed his question in the alternative, "if the bonds were sold, or when they were sold," and put the two phrases together as if they were two different ways of saying the same thing.

There is no error.

In this opinion the other judges concurred.